Per Curiam.

We think that the defendants’ passing swiftly by the gate and not stopping when called to, but increasing their speed, was a forcible passing. It was not necessary that there should be an assault and battery or a breach of the gate.[1]
On the other point it was argued, that the general statute superseded the private act; to which it was answered, that the corporation having a grant, it was not in the power of the legislature to alter their rights, and that at least the general statute could not apply until it should be necessary to erect new toll-boards. And we think the grant is to govern. The question then is, whether “large or capital letters” means capitals or merely letters of a large size. A variety of expressions are used in the numerous statutes to which we have been referred. We think the general object of the legislature was to have the letters legible ; and that they intended, that if the letters were large it should be sufficient, although they were not capitals, and that if they were capitals they should nevertheless be of a large size.[1] What are usually called small letters, if made large, should seem to be more easy to read than capital letters.

New trial granted.

 See Revised Stat. c. 39, § 32.

 The Revised Statutes now require, that the rates of toll shall be “fairly and legibly written or printed in letters of a large size." Revised Stat. c. 39, §27.